**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **PETER MCADAMS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE FARM FIRE AND CASUALTY COMPANY; KEN SHOEMAKER; MAINORD INSURANCE AGENCY, INC.; CHRIS MATHURIN AGENCY, LLC,**<br><br>**Defendants.** | **Case No. 26-CV-00368-SEH-CDL** |

## OPINION AND ORDER

Before the Court is Plaintiff Peter McAdams's motion to remand. [ECF No. 18]. For the reasons stated below, the motion is denied.

### I. Background

Plaintiff held a homeowner's insurance policy issued by Defendant State Farm Fire and Casualty Company ("State Farm").[1] [ECF No. 2-2 at 2; ECF No. 2-5]. Plaintiff purchased the policy through an agent, Defendant Ken Shoemaker, and renewed the policy with Defendants Mainord Insurance

---

[1] The facts alleged in Plaintiff's state court petition [ECF No. 2-2] are accepted as true for purposes of this Opinion and Order. *See Flowers v. EZPawn Oklahoma, Inc.*, 307 F. Supp. 2d 1191, 1206 (N.D. Okla. Feb. 3, 2004) (recognizing that the Court must "take the allegations as true for purposes of the motion to remand").

Agency, Inc. ("Mainord") and Chris Mathurin Agency, LLC ("Mathurin") (collectively, the "Agent Defendants"). [ECF No. 2-2 at 2]. The Agent Defendants sold Plaintiff a full replacement cost policy and renewed it. [*Id.*]. Plaintiff alleges that the Agent Defendants relied on State Farm software to pre-populate publicly available data upon issuance and renewal that they knew to be incorrect. [*Id.*]. Plaintiff paid his premiums to State Farm and complied with all policy requirements. [*Id.* at 4].

After a May 2024 hailstorm struck Plaintiff's home, he timely filed an insurance claim with State Farm. [ECF No. 2-2 at 2–3]. State Farm inspected the property and estimated that the hailstorm caused approximately $2,300 worth of damage to Plaintiff's roof. [*Id.* at 3]. Because Plaintiff's policy included a $6,419 deductible, which exceeded State Farm's damage estimate, State Farm issued no payment to Plaintiff on his claim. [*Id.*]

Before State Farm's inspection, Plaintiff had hired his own professional, Epic Roofing, to inspect his roof. [ECF No. 2-2 at 4]. Epic Roofing advised Plaintiff that his roof "had multiple areas … that needed to be replaced" and could be replaced entirely "based on the extent of the damage." [*Id.*] Despite the hail damage and Plaintiff's compliance with all policy conditions, State Farm refused to cover the roof replacement Plaintiff alleges was necessary. [*Id.*]

Plaintiff sued State Farm in Tulsa County District Court, alleging that it breached its contract with Plaintiff, breached its duty of good faith and fair dealing, and committed fraud. [ECF No. 2-2 at 5–9]. Plaintiff also sued the Agent Defendants for negligent procurement of insurance and fraud. [*Id.* at 7–9].

State Farm removed the action to this Court, arguing that Plaintiff fraudulently joined the Agent Defendants to avoid diversity jurisdiction. [ECF No. 2]. All the Agent Defendants are citizens of Oklahoma.[2] [ECF Nos. 13, 14]. Plaintiff moves to remand the action back to state court. [ECF No. 18].

## II. Discussion

### *A. Fraudulent Joinder Principles*

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013) (citation omitted). The federal removal statute permits a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). This includes when the district court has diversity

[2] Although only Defendants Shoemaker and Mainord have been served and filed disclosure statements, State Farm argued in its notice of removal that Defendant Mathurin is a citizen of Oklahoma. [ECF No. 2 at 3]. Plaintiff does not challenge this assertion.

jurisdiction, which requires the amount in controversy to exceed $75,000[3] and the parties to be citizens of different states. 28 U.S.C. § 1332(a)(1). "Complete diversity is lacking when any of the plaintiffs has the same [citizenship] as even a single defendant." *Dutcher*, 733 F.3d at 987.

Although a court typically "evaluates the propriety of a removal by determining whether the allegations on the face of the complaint satisfy the jurisdictional requirements, fraudulent joinder claims are assertions that the pleadings are deceptive." *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006).[4] To show that a defendant has been fraudulently joined, the removing party "must demonstrate either: (1) actual fraud in the pleading of the jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (citation omitted); *see Mayes Cnty. FOP Lodge #116, Inc. v. Farmers Ins. Exch.*, No. 19-CV-687, 2020 WL 6136236, at *3 (N.D. Okla. Oct. 19, 2020) ("[T]he party asserting federal jurisdiction must show that the plaintiff would have no possibility of recovery against the defendant."). When either occurs, the district court disregards the fraudulently joined party "for

[3] The parties agree that the amount-in-controversy requirement is satisfied here. [*See* ECF No. 2-2 at 9; ECF No. 2 at 14].

[4] Unpublished decisions are not precedential, but they may be cited for their persuasive value. *See* Fed. R. App. 32.1.

purposes of assessing complete diversity." *Dutcher*, 733 F.3d at 988.

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (citation omitted); *see also Montano v. Allstate Indem.*, 211 F.3d 1278 (Table), 2000 WL 525592, at *2 (10th Cir. Apr. 14, 2000) (citation omitted) ("This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)[.]"). In deciding, the court may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Nerad*, 203 F. App'x at 913 (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

### ***B. State Farm has demonstrated Plaintiff is unable to establish a cause of action against the Agent Defendants in state court.***

According to State Farm, the Agent Defendants are fraudulently joined because Plaintiff has no possibility of establishing a state-court claim against them.[5] [ECF No. 2 at 3–4]. Specifically, State Farm contends: (1) Plaintiff cannot state a viable claim for negligent procurement against the Agent Defendants because he "received the exact Policy he allegedly requested and no act or omission by the Agent Defendants caused Plaintiff's alleged

[5] State Farm does not assert a fraudulent joinder theory based on actual fraud in the pleading of jurisdictional facts. [*See* ECF No. 2 at 4 ("[T]he Agent Defendants are not properly joined because there is no 'reasonable basis to believe [Plaintiff] might succeed in at least one claim against [them].'" (citation omitted)]. The Court's analysis therefore focuses on the second prong of *Dutcher*'s fraudulent joinder test.

damages"; and (2) Plaintiff cannot state a viable fraud claim because any alleged misrepresentations were true and did not cause Plaintiff any damages. [*See* ECF No. 2 at 4–14; ECF No. 22 at 7–20].

*i. Negligent Procurement (Count Three)*

State Farm has carried its burden to show Plaintiff does not have the possibility of a cognizable claim for negligent procurement in state court. In Oklahoma, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Companies*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). To discharge that duty, agents "need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds …." *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003) (emphasis omitted). Agents do not have a duty to provide an "adequate amount" of coverage or to "advise an insured with respect to his insurance needs." *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013) (quoting *Rotan*, 83 P.3d at 895).

Here, Plaintiff is unable to establish a negligent procurement claim against the Agent Defendants because he received exactly the coverage he bargained for. Plaintiff requested a "full replacement cost homeowner's insurance policy." [ECF No. 2-2 at 2]. By the very terms of the policy, the

Agent Defendants procured for Plaintiff what he requested. [*See* ECF No. 2-5 at 5, 30 (describing Plaintiff's replacement cost loss benefits)].

Plaintiff has simply not alleged facts that could show the Agent Defendants were negligent in procuring his policy. This is not a situation where Plaintiff's claim was denied because he received something different from what he requested. *See Lewis v. State Farm Fire & Cas. Co.*, 25-CV-0274, 2026 WL 179888, at *4 (N.D. Okla. Jan. 22, 2026) (finding plaintiff's insurance claim was not denied "because the type of policy, type of coverage, or coverage limit was different than what was requested"). Plaintiff does not allege the Agent Defendants made an error in procuring his policy. *Cf. Ballard v. Farmers Ins. Co., Inc.*, 25-CV-323, 2026 WL 638554, at *2–3 (N.D. Okla. Mar. 6, 2026) (finding plaintiffs could possibly establish a state-court claim where the agent erroneously listed plaintiffs' roof as 11 years old). Nor does Plaintiff allege State Farm denied his claims due to pre-existing conditions the Agent Defendants ignored. *Cf. Nelson v. State Farm Fire & Cas. Co.*, 647 F. Supp. 3d 1189, 1194 (W.D. Okla. Dec. 19, 2022) (finding no fraudulent joinder when plaintiffs alleged the agent represented to plaintiffs that "there were no preexisting issues" with the insured's property, and the insurer later denied plaintiff's claim for preexisting damage). Plaintiff also does not allege that the Agent Defendants sold him a special package that would provide "full replacement cost coverage for [his] roof above and beyond

what the base policy provided." *Wedin v. Allstate Vehicle & Prop. Ins. Co.*, 23-CV-0348, 2023 WL 6806995, at *1 (N.D. Okla. Oct. 16, 2023) (finding the possibility of a viable claim where the agent sold the insureds an additional roof endorsement that carried a higher premium and required an additional inspection in order to fully replace the roof).

Plaintiff acknowledges that he understood his policy carried a $6,419 deductible, which meant this amount would need to be paid before his replacement benefits would kick in. [ECF No. 2-2 at 3]. At its core, this is a dispute between Plaintiff and State Farm about how much damage Plaintiff's roof sustained. State Farm concluded that the damage amounted to $2,333, and Plaintiff's hired roofing specialist estimated the damage to be greater. [*Id.* at 3–4]. The Agent Defendants play no part in this dispute. *See Lewis*, 2026 WL 179888, at *4 ("It is well-settled law that an agent is not liable for negligent procurement when, as here, 'State Farm denied the claim not because of the type of policy [the agent] procured, but because it determined that [the plaintiff's] roof did not sustain a covered loss.'" (citation omitted)).

Oklahoma insurance agents and agencies are not liable for negligent procurement solely because a full replacement cost coverage policy they procure later excludes some or all of an insured's losses. *See Keely v. State Farm Fire & Cas. Co.*, 25-CV-663, 2026 WL 1726272, at *2 (N.D. Okla. June 15, 2026) (holding that "Oklahoma would not countenance claims for …

negligent procurement against insurance agents or agencies where a plaintiff requests and obtains a replacement-value policy but later challenges the sufficiency of the policy because some or all of his losses are ultimately excluded from coverage"); *Layer v. State Farm Fire & Cas. Co.*, 25-CV-401, 2026 WL 265805, at *3 (N.D. Okla. Feb. 2, 2026) (same). Here, Plaintiff's claim "is not that the [Agent Defendants] failed to obtain the coverage requested, but that the coverage they obtained was ultimately insufficient for their purposes." *Layer*, 2026 WL 265805, at *3; *see also Keely*, 2026 WL 1726272, at *2. Therefore, this allegation cannot establish a cause of action for negligent procurement against the Agent Defendants in an Oklahoma court.

*ii. Fraud (Count Four)*

For similar reasons, Plaintiff cannot establish a fraud claim against the Agent Defendants in state court.[6] Plaintiff alleges that the Agent Defendants

---

[6] In Oklahoma, actual fraud consists of:

1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true.
2. The positive assertion in a manner not warranted by the information of the person making it, of that which is not true, though he believe it to be true.
3. The suppression of that which is true, by one having knowledge or belief of the fact.
4. A promise made without any intention of performing it; or,
5. Any other act fitted to deceive.

Okla. Stat. tit. 15 § 58.

misrepresented "that the homeowner's insurance he was purchasing would cover full roof replacement in the event of a loss." [ECF No. 2-2 at 8]. Even accepting that allegation as a misrepresentation, Plaintiff cannot allege he was injured by it. The policy demonstrates coverage was limited to $641,900. [ECF No. 2-5 at 5, 30]. Further, Plaintiff acknowledges that he understood his coverage to mean that any damage to the property over and above the $6,419 deductible would be covered by State Farm. [ECF No. 2-2 at 3]. Therefore, he cannot have reasonably relied on the Agent Defendants' alleged misrepresentations when he understood his policy to be something different. *See Lewis*, 2026 WL 179888, at *4–5 ("[P]urchasing a replacement cost policy 'does not mean that an insured is guaranteed that its claims will always be paid in full.'" (citations omitted)).

Along the same lines, Plaintiff also alleges that the Agent Defendants misrepresented the condition of his roof when they procured and renewed his policy by using State Farm's replacement cost software to pre-populate publicly available data to determine replacement cost. [ECF No. 2-2 at 2]. Regardless, Plaintiff has not alleged that State Farm limited or denied his coverage because of the pre-existing condition of his roof. [*See* ECF No. 2-2 at

---

Constructive fraud consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or anyone claiming under him, by misleading another to his prejudice, or to the prejudice of anyone claiming under him." *Id.* § 59.

3–4 (alleging that State Farm inspected the property and found hail damage that amounted to less than Plaintiff's deductible)]. These alleged misrepresentations cannot support a fraud claim because Plaintiff has not alleged that they caused his damages. *See Layer*, 2026 WL 265805, at *3–4 (allegedly inaccurate assessments of home's value and condition could not support fraud claim when "Plaintiffs paid for—and received—'a policy providing coverage based on full replacement value.'" (citation omitted)). State Farm's alleged improper refusal to honor its obligations under the policy, not any statement by the Agent Defendants, is the cause of Plaintiff's injury.

In sum, despite its heavy burden, State Farm has demonstrated that Plaintiff is unable to establish a cause of action for negligent procurement or fraud against the Agent Defendants in state court. *See Dutcher*, 733 F.3d at 988. Therefore, the Court will disregard those defendants for purposes of determining jurisdiction. When the Agent Defendants are excluded from consideration, the Court finds complete diversity between Plaintiff and State Farm. Jurisdiction over Plaintiff's claims against State Farm is therefore proper under 28 U.S.C. § 1332, and Plaintiff's motion to remand [ECF No. 18] is denied.

The Court recognizes that its opinion on the motion to remand dictates the dismissal of Plaintiff's claims against the Agent Defendants. *See Lewis v.*

*State Farm Fire & Cas. Co.*, No. 25-cv-0274, 2026 WL 179888, at *5 (N.D. Okla. Jan. 22, 2026) (dismissing claims based on fraudulent joinder). Plaintiff's claims against the Agent Defendants are dismissed. Therefore, the pending motion to dismiss filed by Defendants Shoemaker and Mainord [ECF No. 15] is moot.

**III. Conclusion**

For the reasons stated above, Plaintiff's Motion to Remand [ECF No. 18] is DENIED. Defendants Ken Shoemaker, Mainord Insurance Agency, Inc., and Chris Mathurin Agency, LLC are dismissed based on fraudulent joinder and are terminated as parties to this case. The remaining parties are instructed to amend the case caption accordingly. Defendants Shoemaker's and Mainord Insurance Agency, Inc.'s Motion to Dismiss [ECF No. 15] is MOOT.

This case will proceed on Plaintiff's claims against State Farm. The Court lifts the stay entered in this case and directs Plaintiff to file any response to Defendant State Farm's Partial Motion to Dismiss [ECF No. 10] within 21 days of entry of this Opinion and Order. A reply brief may be filed within 14 days thereafter.

DATED this 26th day of October, 2026.

Sara Hill

Sara E. Hill
UNITED STATES DISTRICT JUDGE